# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60756
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LEONEL LUJAN,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:11-CR-11-6

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Leonel Lujan was convicted, pursuant to a conditional guilty plea, of both conspiring to possess, with intent to distribute, powder cocaine and conspiring to conduct financial transactions involving the proceeds of unlawful activity. He contends the district court erred in denying his motion to suppress the evidence seized as a result of a traffic stop.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-60756

In late 2010, Drug Enforcement Administration (DEA) Agents in Mississippi, acting without a warrant, placed a GPS tracking device on Lujan's truck. When they learned he would be traveling from Memphis toward Texas and would likely be carrying a large amount of money, the Agents relayed information about the truck to authorities in Arkansas. After speaking with a DEA Agent a few days after the GPS had been installed, an Arkansas state trooper saw Lujan pass him and cross over the fog line. The state trooper stopped Lujan for this violation. Lujan consented to a search of the truck; he then agreed to follow the state trooper to a garage where the truck could be examined more closely. At the garage, a hidden compartment in the motor was found, containing packages of currency.

Concerning Lujan's above-referenced suppression motion, the district court ruled in 2012: the DEA Agents in Mississippi, acting without a warrant, violated the Fourth Amendment by placing a GPS tracking device on Lujan's truck, relying on *United States v. Jones*, 132 S. Ct. 945, 949 (2012); and the good-faith exception to the exclusionary rule did not apply. Nevertheless, the court ruled that, as a result of the independent-source doctrine (permitting introduction of unlawfully discovered evidence when police acquired evidence through distinct, untainted source), the evidence would not be suppressed because the state trooper initiated a legal stop after determining a traffic violation had occurred. *See United States v. Patel*, 485 F. App'x 702, 710 (5th Cir. 2012) (citing *United States v. Grosenheider*, 200 F.3d 321, 327 (5th Cir. 2000)). The court also concluded: the state trooper's subsequent actions were reasonably related in scope to the circumstances justifying the stop; the stop was not longer than necessary; the trooper's reasonable suspicion was elevated to probable cause; and voluntary consent was obtained.

As stated, Lujan contends the district court erred in denying his motion to suppress; specifically, he claims: installing the GPS device was an illegal search, not subject to the independent-source doctrine; and he did not commit a traffic violation.  (In his reply brief, he also disputes application of the good-faith exception, as urged here by the Government and discussed *infra*.)

In considering the denial of a motion to suppress evidence, we review "factual findings for clear error and the ultimate constitutionality of law enforcement action de novo".  *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014).   The evidence is viewed in the light most favorable to the Government as the prevailing party, and "we may affirm the district court's decision on any basis established by the record".  *See United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).

As the Government contends, the district court's determination that the good-faith exception to the exclusionary rule did not apply is erroneous in the light of our court's post-*Jones* decision in *United States v. Andres*, 703 F.3d 828, 834–35 (5th Cir.), *cert. denied*, 133 S. Ct. 2814 (2013) (holding that, "[i]n December 2009, it was objectively reasonable for agents operating within the Fifth Circuit to believe that warrantless GPS tracking was permissible under circuit precedent".).   "[S]earches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." *Davis v. United States*, 131 S. Ct. 2419, 2423–24 (2011).  Accordingly, for this pre-*Jones* GPS installation, the good-faith exception to the exclusionary rule applies.  *Id*. at 2434.

Lujan challenges the district court's determination that the state trooper had an independent basis for stopping the truck.  He asserts the placement and use of the GPS, a Fourth Amendment violation, was inextricably intertwined with the traffic stop as the trooper would not have been looking for

his vehicle absent the information gained from the device.  In view of our holding that the good-faith exception applies, we need not decide "whether the [evidence sought to be suppressed] is derived from the GPS search," as "the officers acted in reasonable reliance on circuit precedent".  *Andres*, 703 F.3d at 834.

Additionally, Lujan claims he did not commit a traffic violation and, therefore, the state trooper did not have the requisite reasonable suspicion to stop him.  The constitutionality of a traffic stop is analyzed using the standards for investigative detention provided in *Terry v. Ohio*, 392 U.S. 1 (1968).  *United States v. Sanchez-Pena*, 336 F.3d 431, 436–37 (5th Cir. 2003).  We must first determine "whether the stop of the vehicle was justified at its inception".  *United States v. Macias*, 658 F.3d 509, 517 (5th Cir. 2011).  "An officer may stop a motorist for a traffic violation even if, subjectively, the officer's true motive is to investigate unrelated criminal offenses."  *Sanchez-Pena*, 336 F.3d at 437 (footnote omitted).  However, the legal justification for the stop must be objectively grounded.  *United States v. Lopez-Valdez*, 178 F.3d 282, 288 (5th Cir. 1999).  If the claimed traffic violation, forming the basis for a stop, was in fact not a state-law violation, then there was no objective basis justifying the stop.  *United States v. Miller*, 146 F.3d 274, 279 (5th Cir. 1998).

The state trooper testified that Lujan's truck was outside the fog line when it passed his location.  Although Lujan contends this testimony is unreliable, the court implicitly deemed the testimony credible.  Where, as here, the "denial of a suppression motion is based on live oral testimony", the clearly erroneous standard is particularly deferential "because the judge had the opportunity to observe the demeanor of the witnesses".  *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (citation and internal quotation marks omitted).  Lujan has not established the requisite clear error.

No. 13-60756

Finally, Lujan claims that merely traveling on the fog line is not a violation of Arkansas law. This argument is inapposite because the court credited the state trooper's testimony that Lujan's vehicle had *crossed* the fog line, which is a violation of Arkansas law. *See* Ark. Code Ann. § 27-51-302(1); *United States v. Pulliam*, 265 F.3d 736, 739 (8th Cir. 2001); *Bedsole v. State*, 290 S.W.3d 607, 608 (Ark. Ct. App. 2009). In view of the foregoing, Lujan has failed to show the court erred in ruling the stop was justified.

AFFIRMED.